IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiffs,<br><br>v.<br><br>TOMMY LYNN BYRD, JR.,<br><br>Defendants. | Case No. 25-CR-179-RAW |

### ORDER

Before the court is the Government's Appeal and brief in support [Docket Nos. 30, 35] of Magistrate Judge's Order [Docket No. 27] granting in part and denying in part the Government's Motion to Unseal Case [Docket No. 26]. The Government requested that the court unseal the Indictment and allow the government to provide an unredacted copy of the Indictment to the Defendant but have the publicly available copy of the Indictment contain the word "victim" over a black box that covers the victim's name. The Government argues that the usual practice of substituting the victim's initials for his or her name in the Indictment that is filed in the Public Record is inadequate to protect the privacy rights of the victim and instead, the name should be entirely concealed.

Magistrate Judge Gerald Jackson denied the request to have the copy in the Public Record contain the word "victim" over a black box instead of the victim's initials but granted the request to unseal the indictment. Because the Government indicated their intent to appeal the Order,

1

Magistrate Judge Jackson stayed the unsealing of the Indictment pending the District Court's review of his decision. *See Docket No. 29.*

Pursuant to Fed. R. Cr. P. 59(a) the court reviews the Magistrate Judge's decision and modifies or sets aside any part of the order that is contrary to law or clearly erroneous. At the outset the court also notes that this case was previously dismissed without prejudice by Judge Heil pursuant to Fed. R. Crim, P. 12 (b)(3)(B)(iii). *See United States* v. *Tommy Lynn Byrd Jr.*, 25-CR-115-JFH (E.D. Okla.). The original indictment charged the Defendant with the same crimes as the instant case, Assault with a Dangerous Weapon with Intent to do Bodily Harm in Indian Country in violation of 18 U.S.C. §§ 113(a)(3), 1151, and 1153 and Assault Resulting in serious Bodily Injury in Indian Country, in violation of 18 U.S.C. §§ 113 (a)(6), 1151, and 1153. The original indictment alleged that Defendant "did assault Victim with a dangerous weapon, with intent to do bodily harm … [and] resulting in serious bodily injury." Judge Heil found that because the Government failed to identify the victim and that the identity of the individual is an essential element of the crime that the indictment must identify the victim and must therefore be dismissed.

In the present case, the Government has refiled the same charges and identified the victim in the sealed version of the indictment but it seeks to prevent the Public Record from reflecting the initials of the alleged victim. The Government argues that redacting the victim's name and initials from the public-facing indictment is essential to protecting the victim's "right to be treated with fairness and with respect for the victim's dignity and privacy" in keeping with the Crime Victims' Rights Act (CVRA) 18 U.S.C. § 3771. [Docket No. 35]. Additionally, the Government points to Attorney General Guidelines for Victim and Witness Assistance that suggest even indirect references to victim's personal information should be avoided unless necessary. [Docket. No. 35 at p. 2]. The Government argues that the current practice of protecting victim identities by using

their initials instead of their full name is no longer adequate due to the proliferation of the internet. *Id* at 3. The Government argues that this is especially the case in the Eastern District of Oklahoma, which includes rural communities with small populations where it may be particularly easy to infer who an individual is based on their initials. Therefore, the Government argues that this court should either allow victims to be identified by a pseudonym or at a minimum redact the names and initials of victims in any public-facing document.

While the Government may be correct that shielding the alleged victim's initials from appearing in public-facing documents might not violate the Defendant's constitutional rights, that is not the only consideration. Criminal trials are not meant to be conducted in secret and the public has an interest in the transparency of the court system. "It is clear that the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597, 98 S. Ct. 1306, 1312, 55 L. Ed. 2d 570 (1978). "Consistent with this presumption that judicial records should be open to the public, the party seeking to keep records sealed bears the burden of justifying that secrecy." *United States v. Apperson*, 642 F. App'x 892, 899 (10th Cir. 2016). A district court, in deciding whether specific documents should be sealed, "must consider the relevant facts and circumstances of the particular case and weigh the relative interests of the parties." *Hickey,* 767 F.2d at 708. *United States v. Bacon*, 950 F.3d 1286, 1294 (10th Cir. 2020). Parties may rebut the presumption of public access by demonstrating that "countervailing interests heavily outweigh the public interests in access." *United States v. Johnson,* 125 F.4th 1352, 1360 (10th Cir. 2025) (internal citations omitted).

In the present case, the Government argues that the countervailing interest here is that the identity of the victim is "not of public concern" and that shielding the victim's identity protects

3

the deceased's and his surviving family's right to dignity and privacy. [Docket. No. 35 at p. 8]. Additionally, while the Government correctly states that federal precedent exists for completely concealing the identities of child victims, particularly in the context of child victims of sex crimes [Docket No. 35 at p. 5], the rationale for hiding victim information in those cases does not apply to the case at bar. In cases involving minor victims of sex crimes there is a particularly high risk of psychological damage for publicly tying the victim to such sensitive crimes. Several other cases referenced by the Government addressed the privacy needs of victims or witnesses involved in sex trafficking or prostitution cases who were allowed to testify with varying degrees of anonymity (i.e. using pseudonyms or only identifying individuals by their first names) to avoid "unnecessary embarrassment and harassment" given the "explicit and sensitive nature" of such cases. Some of the cases cited base their decisions on the need to shield said victims or witnesses from professional and psychological consequences of being publicly connected to highly stigmatized activities such as prostitution. *See* Docket. No. 35 at p. 5 citing *United States* v. *Viarrial*, 730 F. App'x 694, 695 n.1 (10th Cir. 2018) (unpublished).

In the present case, the Government fails to adequately explain why such a high degree of anonymity is justified here when the alleged crime is assault and the victim is an adult. The concerns that animated other courts' decisions to completely conceal the identities of certain victims are not present here. In fact, nothing here indicates that the subject matter of the case might be particularly predisposed to cause the alleged victim unnecessary embarrassment and harassment or expose explicit and sensitive information about his or her life such that reference to his or her initials poses too high a reputational threat to this individual. The Government references the fact that the New Mexico district court appears to routinely identify all victims by pseudonyms regardless of the nature of the case but it does not point to any other district that has adopted this

practice, much less provide any binding authority suggesting the proposed practice would be required. Therefore, the concerns of public transparency outweigh the potential imposition on the alleged victim's privacy in the present case and the ruling of the Magistrate Judge is affirmed.

It is the order of the court that the Government's Appeal [Docket No. 30] is hereby DENIED. The Magistrate's Order [Docket No. 27] stands, in that the Indictment is unsealed, but the alleged victim's initials therein are not redacted.

SO ORDERED this 25th day of September, 2025.

_____
RONALD A. WHITE
UNITED STATES DISTRICT JUDGE